# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

IN RE: FORTIETH STATEWIDE      :    No. 104 WM 2018
INVESTIGATING GRAND JURY      :
                                      :
                                      :
PETITION OF: T.S.                 :

## ORDER

**PER CURIAM**

     **AND NOW**, this 6th day of July, 2018, upon consideration of the Petition for Review, and in light of the Office of Attorney General's indication that it has not fully developed the merits of its counter-argument and its request to submit additional briefing should this dispute proceed beyond the initial filings, this matter is to be considered by the Court upon full briefing by the parties on an expedited basis.

     Petitioner is challenging a June 19, 2018 order which the supervising judge certified for appellate review. *See* Pa.R.A.P. 3331(a)(5). As identified in Petitioner's Petition for Review, with some rephrasing by this Court, Petitioner is presenting the following appellate claims:

1.      Whether the supervising judge erred in determining that he lacked the authority to redact the Report, in that the absence of an explicit prohibition in the law against such redaction vests discretion with the supervising judge to, at the least, remove any mention of Petitioner's name?

2.      Alternatively, if this Court concludes that the Investigating Grand Jury Act does not afford such discretion to the supervising judge, whether that act is unconstitutional, as it deprives Petitioner and other similarly uncharged individuals of due process rights afforded by the federal and state constitutions, as well as the right to reputation guaranteed by the Pennsylvania Constitution?

3. Whether the Grand Jury Act violates the federal and state constitutional rights to due process, as well as the Pennsylvania Constitutional right to reputation to the extent it does not afford Petitioner and similarly situated uncharged individuals the right to see and challenge evidence presented against them?

Petitioner's brief is due by 2:00 p.m. on July 10, 2018. At that time, Petitioner shall present an unredacted brief, which shall be filed under seal. Simultaneously, to ensure as much public access as possible without violating grand jury secrecy, Petitioner shall submit a redacted version of the brief suitable for public docketing. The Office of Attorney General, as the opposing party, shall review Petitioner's redacted brief and, no later than 2:00 p.m. on July 13, shall file a letter with the Prothonotary, either certifying that the Office of Attorney General agrees that the redacted brief does not violate grand jury secrecy or objecting to the release of the redacted version of the brief on the basis that it allegedly violates grand jury secrecy.

In the event the Office of Attorney General certifies that it agrees that Petitioner's redacted brief does not violate grand jury secrecy, the document shall be immediately docketed for public view. If the Office of Attorney General objects to the release of the redacted version, such objections shall be immediately forwarded to the supervising judge for his prompt consideration and disposition.

The Office of Attorney General's appellate brief shall be due by 2:00 p.m. on July 13, 2018. At that time, the Office of Attorney General shall present an unredacted brief, which shall be filed under seal. Simultaneously, the Office of Attorney General shall submit a redacted version of the brief suitable for public docketing. Petitioner, as the opposing party, shall review the redacted brief. Following that review, and no later than 2:00 p.m. on July 17, 2018, Petitioner shall file a letter, either certifying agreement that the Office of Attorney General's redacted brief does not violate grand jury secrecy or

identifying with specificity any aspects of the redacted version which Petitioner believes violate such secrecy.

In the event Petitioner certifies agreement that the Office of Attorney General's redacted brief does not violate grand jury secrecy, the document shall be immediately docketed for public view. In the event Petitioner objects to the release of the redacted version, such objections shall be immediately forwarded to the supervising judge for his prompt consideration and disposition.

The parties are cautioned against instigating unnecessary ancillary litigation regarding the production of redacted versions of the brief suitable for public docketing, and any such ancillary litigation will not delay this Court's resolution of the challenges to the Report.

Any *amicus curiae* briefs, regardless of which side they support, shall be due by 2:00 p.m. on the fourth business day following the public disclosure of Petitioner's or the Office of Attorney General's redacted brief, whichever occurs later.

In consideration of the timeliness concerns, the parties will not be permitted to submit reply briefs. Service of all submissions must be made at the time of filing via e-filing, fax, e-mail, or personal delivery. Requests for changes to the briefing schedule will not be entertained, and no extensions will be granted.

Consistent with the expedited treatment of this matter, the request of the Office of Attorney General to proceed to oral argument, which it has made in several of its answers, is DENIED. This matter will be submitted on the briefs.

The instant order is unsealed.